[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 9 December 1993 Date of Application: 27 December 1993 Date Application Filed: 4 January 1994 Date of Decision: 25 October 1994
Application for review of sentence imposed by the Superior CT Page 12057 Court, Judicial District of Norwalk, at Norwalk. Docket Number CR92-0055836.
James Ginocchio, Esq., for the Petitioner.
Robert Hall, Esq., for the State.
BY THE DIVISION
The petitioner, after a trial to the court, was found guilty of violation of probation, Conn. Gen. Stat. § 53a-32. The court imposed a sentence of four years to serve.
The record shows that the petitioner was sentenced for two pleas entered under the Alford doctrine to Burglary 3rd, in violation of Conn. Gen. Stat. § 53a-103; and Larceny 6th in violation of Conn. Gen. Stat. § 53a-125. The court, at that time imposed a sentence of five years, execution suspended after one year with four years probation. While on probation, the petitioner failed to report to his probation officer and moved out of the State of Connecticut without permission.
Counsel for the petitioner indicated that his client left the state without notifying his probation officer and was arrested for driving under the influence in New York state. While in New York, the petitioner was hospitalized and treated for psychosis. The attorney felt that the hospitalization was out of the petitioner's control and that the trial court should have given it more consideration and imposed a sentence significantly less than four years to serve.
The attorney for the State argued that the sentence imposed by the court was fair at the time of sentencing and fair now. Noting that the petitioner was put on probation for the first two offenses, counsel argued that the petitioner carried the keys to his freedom in his pocket and that he purposely violated his probationary conditions.
When reviewing the actions of the trial court in CT Page 12058 accordance with Practice Book 942, this panel finds the sentence to be imposed to be fair and appropriate. The petitioner was shown leniency under the initial sentence only to violate the conditions of his probation. THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Stanley, J.
Norko, J., Klaczak, J. and Stanley, participated in this decision.